Filed 7/9/25  P. v. Manzanares CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH EDWARD MANZANARES, SR.,<br><br>    Defendant and Appellant. | E084170<br><br>(Super.Ct.No. FVA05367)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Reversed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Alan L. Amann, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Joseph Edward Manzanares, Sr., appeals from the order of the San Bernardino Superior Court finding him ineligible for a full resentencing hearing under section 1172.75.[1]  We will reverse with instructions to recall defendant's sentence and hold a section 1172.75 hearing.

## BACKGROUND

In 1997, after a jury convicted defendant of robbery (§ 211) and found true five "strikes" (prior serious felonies, § 667, subds. (a)-(i)) and two prison priors (§ 667.5, subd. (b)), the trial court sentenced him to a total term of 35 years to life (25 years to life for the robbery and five years each for two of the prior serious felonies).  It stayed punishment on three of the strikes and the two prison priors.  Defendant appealed the judgment, and we affirmed.  (*People v. Manzanares* (Mar. 24, 1998, E019963) [nonpub. opn.].)

1.      *The Developments Concerning the Elimination of Prior Prison Enhancements Other Than Those Involving Certain Sexually Violent Crimes*

In 2019, the Legislature amended subdivision (b) of section 667.5 (amended § 667.5(b)) to eliminate prior prison term enhancements unless the prior prison term was for specific sexually violent offenses.  (Stats. 2019, ch. 590, § 1, eff. Jan. 1, 2020.)  The amendment was retroactive to any case in which the judgment was not final.  (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341-342.)

---

[1]  All further statutory references are to the Penal Code.

2

In 2022, section 1172.75 became effective.[2]  (Stats. 2021, ch. 728, § 3, eff. Jan. 1, 2022.)  Subdivision (a) of that provision declares legally invalid any prison prior sentence enhancement defined in amended section 667.5(b) that was imposed prior to January 1, 2020.  (§ 1172.75, subd. (a).)

In relevant part, section 1172.75 requires the Secretary of the California Department of Corrections and Rehabilitation (CDCR) to identify persons in their custody currently serving a term for a judgment that includes a prison prior enhancement coming within subdivision (a) of section 1172.75 and to provide the name of each person and other specified identifying information to the sentencing court.  (§ 1172.75, subd. (b).)

Upon receiving names from CDCR, the sentencing court must review each person's current judgment to be sure it includes a section 1172.75, subdivision (a) enhancement.  (§ 1172.75, subd. (c).)  If the court determines the current judgment includes the enhancement, it must recall the sentence and resentence the defendant. (*Ibid.*)

2.    *The Application of Section 1172.75 in Defendant's Case, Resulting in this Appeal*

Defendant was included in a CDCR list of persons sentenced in San Bernardino County considered to be eligible for resentencing relief because prison priors were listed

---

[2]  At the time of its enactment in January 2021, section 1172.75 was numbered section 1171.1, but was renumbered effective June 30, 2022, with no substantive changes to the statute (Stats. 2022, ch. 58, § 12).  For the sake of simplicity, will refer to the provision by its current number.

on his abstract of judgment.[3] The trial court found defendant was not eligible for resentencing under section 1172.75 because the prison priors "were not imposed." Defendant then timely noticed this appeal.

## DISCUSSION

Defendant argues the court erred when it failed to afford him a full resentencing hearing pursuant to section 1172.75, that he was entitled to relief even though the punishment for his prison prior enhancements had been stayed when he was sentenced.

When the trial court found defendant ineligible for resentencing, our appellate courts were divided on the issue whether section 1172.75 resentencing relief was limited to those defendants whose sentence included a section 667.5(b) prior prison enhancement that was imposed and executed, or if that relief was also available if the sentence was imposed and stayed. The dispute centered on meaning of the word "imposed." This court held that, in the context of section 1172.75, "imposed" meant that the defendant must be serving time for the prison prior. (*People v. Rhodius* (2023) 97 Cal.App.5th 38, 45.) Other courts concluded that "imposed" includes sentences imposed and stayed. (*People v. Christianson* (2023) 97 Cal.App.5th 300, 313-316 (*Christianson*), review granted February 21, 2024, S283189.)

While defendant's appeal was pending, the issue was resolved by our Supreme Court. It held that defendants are entitled to resentencing under section 1172.75 if the

---

[3] We granted defendant's request for judicial notice of the trial court minutes evidencing that defendant's name appeared on CDCR's list made pursuant to 1172.75.

4

underlying judgment includes a section 667.5(b) prior prison term enhancement imposed before January 1, 2020, regardless of whether the enhancement was then executed or instead stayed. (*People v. Rhodius* (June 26, 2025, S283169) __ Cal.5th __ [2025 Cal. Lexis 3531, *2] (*Rhodius*).)

Here, the trial court imposed and stayed two section 667.5(b) enhancements when defendant was sentenced in 1997. In keeping with the Supreme Court's decision in *Rhodius*, we will reverse the trial court's finding made at the section 1172.75 hearing that defendant is not eligible for resentencing under that statute and remand this matter with instructions to recall defendant's sentence and to hold a section 1172.75 resentencing hearing.

**DISPOSITION**

The order finding defendant ineligible for resentencing under section 1172.75, subdivision (d), is reversed with instructions to recall defendant's sentence and to hold a section 1172.75 resentencing hearing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____
P. J.

We concur:

MILLER _____
J.

MENETREZ _____
J.

5